# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

WILLIAM E. SMITH,

    **Plaintiff,**

v.

    Case No. 2:17-cv-800
    Judge Michael H. Watson
    Magistrate Judge Elizabeth P. Deavers

LAWRENCE COUNTY, *et al.*,

    **Defendants.**

## INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, William E. Smith, a state inmate who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 against Brigham Anderson (Lawrence County Prosecutor), Jeff Lawless (Lawrence County Sheriff), William Winters (Lawrence County Deputy Sheriff), and Lawrence County. (ECF No. 5.) This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** the Complaint in its entirety.

### I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

1

In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (emphasis in original).

---

[1]Formerly 28 U.S.C. § 1915(d).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* ain complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**II.**

Although the Complaint and the attached exhibits are often difficult to follow, Plaintiff appears to rest his claims on two underlying bases: an alleged burglary charge and an alleged failure to mail a civil rights complaint. (Complaint, ECF No. 5 ("Compl.").) The Court addresses each in turn.

### A. Claims arising from an alleged burglary charge

Plaintiff alleges that, while he was incarcerated, he moved on three occasions in 2013 through 2015, for "speedy disposition" of all criminal matters against him. (*Id*. at 5–6.) Other than an indictment based on his previous escape, Plaintiff alleges that he was advised that there were no outstanding "warrants/indictments" or "warrant/detainers/holders" against him. (*Id*.) However, Plaintiff alleges that on October 15, 2016, he "observed on the unit kiosk a pending detainer/warrant/from Lawrence County, Ohio seemingly 'unveiled in tardy fashion,' since it purportively [sic] derived from February 4, 2007, alleged Burglary[.]" (*Id*. at 6 (internal quotation marks in original).) It is not clear if Plaintiff complains that this burglary charge was never filed or was filed too late or if he complains that the detainer on an existing charge was belatedly filed. (*Id*. at 3–12.) In any event, Plaintiff further alleges that the burglary charge was later dismissed. (*Id*. at 8.) Plaintiff asserts that Defendants' actions or failures related to his burglary charge violated his rights under the Equal Protection Clause and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. (*Id*. at 9–12.)

To the extent Plaintiff seeks to assert an equal protection violation, he has failed to sufficiently allege such a claim. The Equal Protection Clause provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Here, Plaintiff does not allege that he was subjected to disparate or discriminatory treatment because of his membership in a protected class; nor does he allege that other similarly situated inmates were treated differently. (*See generally* Compl.) Accordingly, Plaintiff has not stated a colorable claim of denial of equal protection. *See McCleskey v. Kemp*, 481 U.S. 279, 292 (1987); *Wells v. Jefferson Cty. Sheriff Dep't*, 159 F. Supp. 2d 1002, 1008 (S.D. Ohio 2001).

Plaintiff also alleges that Defendants' actions or failures related to Plaintiff's burglary

4

charge violated his rights to due process. (Compl., pp. 9–12.) "[T]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). To state a procedural due process claim under § 1983, Plaintiff must demonstrate "that he possessed a protected property or liberty interest and was deprived of that interest." *Warren v. City of Athens, Ohio*, 411 F.3d 697, 708 (6th Cir. 2005). Here, Plaintiff's claim fails because he has not identified any deprivation. (*See generally* Compl.) While he alleges during the course of transfers between certain facilities that he was not permitted to bring property with him and ultimately lost that property (*id.* at 7; ECF No. 5-1 at 7 (list of alleged property loss)), he alleges no facts that even suggest that the alleged failure to institute criminal proceedings or failure to lodge a detainer against him was a proximate cause of the loss of that property. (*Id.*) For these reasons, Plaintiff has failed to state a viable § 1983 due process claim based on Defendants' actions or failures related to his burglary charge.

Plaintiff also alleges that he recently discovered that another indictment had been filed against him in Lawrence County. (*Id.* at 11.) Although Plaintiff does not specify the charge contained in that indictment, it appears that the indictment may once again assert the burglary charge, because Plaintiff complains that "this case has been once at bar. . . ." (*Id.*) To the extent that, by his request for "prospective declaratory judgment," (*id.* at 13), Plaintiff intends to ask this Court to interfere with a pending state criminal prosecution, this Court must abstain from doing so. *Younger v. Harris*, 401 U.S. 37 (1971) (providing that federal courts must abstain from enjoining a state criminal prosecution absent extraordinary circumstances); *see also Samuels v. Mackell*, 401 U.S. 66, 72 (1971) (holding that *Younger* abstention also applies to

federal claims for declaratory judgment).

In addition, to the extent that Plaintiff asserts claims against Defendant Brigham Anderson, the Lawrence County Prosecutor, in his individual capacity,[1] this Defendant is entitled to prosecutorial immunity. "[A] prosecutor enjoys absolute immunity from § 1983 suits for damages when he [or she] acts within the scope of his [or her] prosecutorial duties." *Imbler v. Patchtman*, 424 U.S. 409, 420 (1976). "'Absolute prosecutorial immunity is not defeated by a showing that the prosecutor acted wrongfully or even maliciously, or because the criminal defendant ultimately prevailed on appeal or in a habeas corpus proceeding.'" *Grant v. Holenbach*, 870 F.2d 1135, 1138 (6th Cir.1989) (quoting M. Schwartz & J. Kirklin, *Section 1983 Litigation: Claims, Defenses, and Fees* § 7.8 (1986)). Plaintiff does not assert that Defendant Anderson was acting outside of his prosecutorial duties when he failed to file a burglary charge or detainer or allegedly delayed in filing such a charge. Defendant Anderson is therefore immune from Plaintiff's individual capacity claim based on conduct related to an alleged burglary charge. *Imbler*, 424 U.S. at 420; *Grant*, 870 F.2d at 1138.

**B.      Alleged failure to mail civil rights complaint**

Plaintiff also alleges that he previously prepared a complaint under 42 U.S.C. § 1983, alleging violations "of his civil rights by state actors under color of law and office." (Compl. at 8.) According to Plaintiff, he placed this complaint in an envelope addressed to this Court for filing and handed the envelope to Defendant William Winters, Lawrence County Deputy Sheriff, for mailing on October 22, 2016. (*Id*.) Plaintiff alleges that he later checked on the status of his filing and learned on February 16, 2017, that the Court had never received the complaint. (*Id*. at 9.) Plaintiff asserts claims of denial of his right of access to the courts. (*Id*.)

---

[1] In addition to the above allegations, Plaintiff alleges that Defendant Anderson "illicited [sic] false and misleading information to an Ohio grand jury" relating to the alleged burglary charge. (Compl. at 10.)

Inmates enjoy a right of access to the courts under the First Amendment to the United States Constitution. *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Bounds v. Smith*, 430 U.S. 817 (1977); *Flagg v. City of Detroit*, 715 F.3d 165, 173 (6th Cir. 2013). However, an inmate's constitutional right of access to the courts is restricted to actions attacking the inmate's sentence or challenging the conditions of the inmate's confinement. *Lewis* v, 518 U.S. at 355. In order to state a claim for the denial of that right, Plaintiff must allege that (1) he was prevented from filing a non-frivolous legal claim challenging either his conviction or the conditions of his confinement, (2) he suffered actual injury, and (3) his legal claim was lost or rejected or he is currently prevented from bringing the claim. *Clark v. Corr. Corp. of Am.*, 113 F. App'x 65, 68 (6th Cir. 2004).

Here, Plaintiff does not identify the precise nature of civil claim addressed in his complaint, nor does he clearly allege that he intended to attack a pending prosecution or the conditions of his confinement. Moreover, Plaintiff has not alleged that he suffered actual injury by reason of any failure on the part of Defendant Williams to mail his civil complaint. The burglary prosecution about which Plaintiff complained was in any event voluntarily dismissed and Plaintiff does not allege that any legal claim challenging the conditions of his confinement has been foreclosed to him (although the presentation of such a claim may require the filing of another complaint). For these reasons, Plaintiff has failed to state a claim of denial of his right of access to the courts. *See*, *e.g.*, *Clark*, 113 F. App'x at 68; *Dellis v. Corrs. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) ("Plaintiff failed to state an access to the court claim because he did not demonstrate actual prejudice to pending or contemplated litigation.").

Finally, the Court notes that Plaintiff at times invokes state law, but it is not clear what he intends by these invocations. (Compl. at 5–6, 12.) To the extent that Plaintiff intends to assert

7

claims under state law, it is **RECOMMENDED** that such claims be dismissed without prejudice to institution in an appropriate state forum.

**III.**

For the reasons set forth above, it is **RECOMMENDED** that the Complaint in its entirety be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for relief on which relief can be granted. The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

**PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed,

appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

    **IT IS SO ORDERED.**


Date: December 1, 2017                                           /s/ *Elizabeth A. Preston Deavers*
                                                                       ELIZABETH A. PRESTON DEAVERS
                                                                       UNITED STATES MAGISTRATE JUDGE